**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GAVIN BLAINE OLSON,
    #69632

    Plaintiff,              3:10-cv-0249-RCJ-VPC

vs.

                           **ORDER**

JACK PALMER,

    Defendant.

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #1). The court now reviews the complaint.

**I. Screening Standard**

        Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

///

## II. Instant Complaint

Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued LCC Warden Jack Palmer. Plaintiff appears to allege pre and post-conviction torture and sexual assault, and that he has not had adequate access to the prison law library. He also challenges his conviction and alleges ineffective assistance of counsel.

### A. *Habeas Corpus* Claims

Plaintiff claims violations of his "right to be innocent and free from being kidnapped, told I'm guilty and falsely imprisoned, raped and tortured until I admit guilt." He also alleges "abandonment by counsel of an actually innocent man."

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Plaintiff appears to challenge the fact of his conviction as well as whether he received effective assistance of counsel. His sole federal remedy for such claims is a writ of *habeas corpus*. Accordingly, his claims related to his alleged innocence and the effectiveness of his attorney are dismissed without prejudice.

### B. Excessive Force and Retaliation

Plaintiff appears to claim that he has been subject to torture, solitary confinement and "incommunicado interrogations" and "continual brainwashing about the punishments and pains awaiting

one who takes names, grieves issues[1] or otherwise does not fully submit to everything done to them, can expect the worst possible treatment for their trouble." Plaintiff's allegations, while vague, may implicate the Eighth Amendment's prohibition of the use of excessive force as well as retaliation in violation of his First Amendment rights.

With respect to the excessive force allegations: "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (per curiam); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184. Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d at 1196.

---

[1] Plaintiff indicates in his complaint that he has not exhausted his administrative remedies due to "intimidation/retaliation/fear of 'diesel therapy'/and malicious transfer; based on previous experience . . . ."

4

With respect to the retaliation allegations: "A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997); *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). There is a First Amendment right to petition the government through prison grievance procedures. *See Rhodes*, 408 F.3d at 567; *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Such claims must be evaluated in the light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Finally, the prisoner must demonstrate that his First Amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely silenced.") (emphasis in original); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001).

As will be discussed below, the court finds plaintiff's allegations related to the First and Eighth Amendment so vague that it is unable to determine whether the current action is frivolous or fails to state

///

a claim for relief. Accordingly, these claims will be dismissed. The court will, however, grant leave to file an amended complaint.

### C. Access to Courts

Plaintiff appears to claim that when the prison law library closed, which according to plaintiff occurred in 2006, it impacted or impeded his ability to access the courts. He states that "legal process" was tampered with, modified, stolen and destroyed and that "when the law library closed circa August 14, 2006, it meant law library supervisory and inmate staff, and with said inmate staff housed in a completely separate warehouse off the main prison property, would now be fully insulated from all contact with the main prison population, the people who need the most help and, ironically, the population with the largest number of innocent men . . . ."

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990) (*per curiam*). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57.

A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis*, 518 U.S. at 349-50. The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id*. at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id*. at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal assistance program

hindered his efforts to pursue a legal claim." *Id*. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id*. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id*. (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

With respect to plaintiff's allegations regarding his treatment in prison (*see* section II. B., above) as well as regarding his access to the courts, this court finds that the claims are so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts engaged in by defendants that support plaintiff's claim. *Id*. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

Further, plaintiff names only Warden Jack Palmer as defendant. "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not describe any specific actions by Warden Palmer–or

///

any individual–nor does he allege that Warden Palmer had knowledge of or participated in any alleged civil rights violation.

Accordingly, based on the defects described above, plaintiff's complaint is dismissed. However, plaintiff's allegations regarding his treatment in prison may implicate his First and Eighth Amendments rights as well as his constitutional right of access to the courts. Therefore, plaintiff has leave to file an amended complaint if he is able to set forth specific facts regarding these alleged violations of his constitutional rights. If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Good*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff must identify at least one of the defendants by name.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (Docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. §

1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Gavin Blaine Olson, **Inmate No. 69632** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (Docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-CV-0249-RCJ-VPC**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank petition for writ of *habeas corpus* form with instructions.

DATED this 11th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE